## McALLISTER v BRIGHT

Ohio Appeals, 5th Dist, Knox Co

Decided March 2, 1932

H. Clifton Graybill, Canton, for plaintiff in error.

S. Tate Cromley, Mt. Vernon, for defendant in error.

SHERICK, PJ.

Examining the record, we find that the court gave two special charges before argument, at defendant's request, on the subject of agency. No exception was made thereto, and it is apparent that the plaintiff recognized that the law as charged was correct in substance and form. Therein, the court properly said to the jury that the marital relationship of itself is not the ground for the basis of recovery. The court recognized that the family purpose doctrine has not been adopted in this state as said in **Elms v Flick, 100 Oh St 186,** and **Bretzfelder v Demaree, 102 Oh St 105,** but that the matter of liability was dependent upon whether or not the wife's negligent act was committed in the furtherance of her husband's business or in the execution of his orders; and that a relationship of principal and agent, or of master and servant, between them, must be shown.

When it is not shown that a wife is an inexperienced driver, a husband is not liable for the negligent act of his wife in driving his car, by reason of his mere permissive use thereof by the wife for her purpose and pleasure.

Now examining the evidence in this case in the light of the charge as given, we find on the one hand that the defendant and his wife both deny any fact that would disclose or establish the relationship of principal and agent or master and servant; on the other hand it is testified to by the plaintiff, Dr. Show, and two mechanics; that some two years prior and shortly after the col-

130

lisicn that the defendant and his wife had made certain statements indicating that the wife at the time of the accident was at least in part upon her husband's business at his direction. This they now positively deny. It is therefore apparent that on this question that there is direct conflict between the testimony of the defendant and his wife and the statements attributed to them by the plaintiff and his witnesses.

There can be no question but that the issue of agency in this case is one of fact and is solely a matter for the jury to determine. This rule is applied in Ford, Admrx. v Papcke, 25 OLR 401, 26 **Oh Ap** 225.

Perhaps this court might not have arrived at the same answer that the jury did in this case, but that must not be the standard of measurement used by a reviewing court; the jury had the advantage of seeing the witnesses and hearing them testify and determining their credibility, and in this respect this court is impotent in weighing the evidence which we may not do. It is this court's province to ascertain if there is any creditable evidence to sustain the verdict, and if such be found, we cannot say or find, that as a matter of law, the judgment is contrary to the manifest weight thereof.

In view of the fact that the question of agency in this case was determinable only from the testimony of the defendant and his wife, and their reputed earlier statements, it appeals to us that the language of **Theatre Co. v Lautermilch, 118 Oh St** 167, is most apt, for as therein held, "Whenever, from conflicting evidence of the same witness or of different witnesses, it becomes necessary to weigh such conflicting evidence to determine wherein the probable truth lies, or from a combination of circumstances determine an ultimate fact upon the determination of which different minds might reasonably arrive at different conclusions, it is the province of the jury to perform that function. It is reversible error for the court to invade that province of the jury."

The defendant insists that this cause should be affirmed for a second reason; that being, in that the issue of agency in this case was tried and presented free of any error therein. That this issue was an ultimate controlling one, and that the general verdict returned was not searched by interrogatory and hence the two issue rule as announced in **Sites v Haverstick, 23 Oh St** 626, has direct application.

This court is not enamored of this rule in negligence cases, where the defensive issues of sole negligence and contributory negligence are interposed or arise, and have so stated. But in the present instance we perceive that the questions and issues of negligence and agency are not comingled and overlapping, but are in fact distinct and separable, and not susceptible of being proved by the same line of testimony.

The answer filed in this case was a general denial. It therefore denied negligence, agency and damage. These issues are not related or intermingled; any one or two of which might have been proven to the satisfaction of the jury, but if the plaintiff failed in its proof of any one of the issues to be proved it must fail as to all, for that issue, agency in this case, is determinative of this action.

The record in this case discloses that a cause of action was proved as against the defendant's wife, but not as against the husband, who was the sole defendant. In the absence of a special interrogatory finding that the wife was the defendant's agent we must apply the two issue rule contended for and for the reasons stated affirm the judgment. We find no other error alleged in the petition in error that is prejudicial to the rights of the plaintiff in error. Exceptions noted.

LEMERT and MONTGOMERY, JJ, concur.